IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RUBEN MCNEAL,                                                              CV. 04-1745-PK
          Plaintiff,

v.                                                                                      FINDINGS AND
                                                                                                    RECOMMENDATION

JOANNE B. BARNHART,
Commissioner of Social Security,
          Defendant.

PAPAK, Magistrate Judge:

INTRODUCTION

      Plaintiff Ruben McNeal brings this action for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Social Security disability Income ("SSI") disability benefits under Title XVI of the Social Security Act.[1] This court has jurisdiction under 42 U.S.C. § 405(g). For the reasons set forth below, this court recommends that the Commissioner's final decision be reversed and remanded

---

[1] While McNeal did file another application for benefits, he acknowledges that only the denial of his November 19, 2001, application for SSI benefits is at issue here.

for the calculation and award of benefits.

## BACKGROUND

McNeal, an African-American man, was 45 years old when he filed his application and 48 years old on the date of the hearing. He completed tenth grade, dropped out, and then received his GED in 2001. He worked sporadically in the past as a carpenter, farm hand, line worker, handyman, and caregiver. AR 117. He reports drinking and drug use beginning at an early age, and he has frequently been homeless.

McNeal alleges disability based on bipolar disorder, posttraumatic stress disorder ("PTSD"), and arthritis. AR 534.[2] At his hearing he reported he had depression with difficulty concentrating, distraction, sleep and appetite disturbance, thoughts of past trauma, irritability, anxiety, frustration, suicidal ideation and attempts, avoidance of people, and lack of social activity. He also mentioned gastric problems, a history of disc disease, joint and back pain, breathing difficulty, high blood pressure, headaches, and sleep apnea. McNeal had part-time employment at a substance abuse treatment center where he also resided until July 2003, but was terminated from the job and made to leave the treatment center because he tested positive for alcohol and marijuana. AR 569. He has not worked since then.

McNeal alleges that he cannot work because of his physical and mental problems. AR 570. His condition also allegedly causes him ongoing pain. AR 581.

McNeal filed an application for SSI benefits on November 19, 2001, alleging disability beginning December 1, 1981. However, based on a previous application for disability benefits

---

[2]Citations are to the page(s) indicated in the official transcript of the administrative record filed with the Commissioner's Answer.

Page 2 - FINDINGS AND RECOMMENDATION

that was dismissed when McNeal did not seek further review, the time relevant to determination of disability will be on or after March 14, 2000. AR 12. The application was denied initially and upon reconsideration. On February 17, 2004, a hearing was held before an Administrative Law Judge ("ALJ"). In a decision dated April 28, 2004, the ALJ found McNeal not disabled and therefore not entitled to benefits. On October 1, 2004, the Appeals Council denied McNeal's request for review, making the ALJ's decision the final decision of the Commissioner. McNeal now seeks judicial review of the Commissioner's decision.

## STANDARDS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The initial burden of proof rests upon the claimant to establish his or her disability. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c (a)(3)(A). The Commissioner bears the burden of developing the record. DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); see also Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Andrews</u>, 53 F.3d at 1039.  The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision.  <u>Martinez v. Heckler</u>, 807 F.2d 771, 772 (9th Cir. 1986).  The Commissioner's decision must be upheld, however, if "the evidence is susceptible to more than one rational interpretation."  <u>Andrews</u>, 53 F.3d at 1039-40.

## MEDICAL RECORDS

The medical records accurately set forth McNeal's medical history as it relates to his claim.  The court has carefully reviewed the records, and the parties are familiar with them.  Accordingly, only a brief summary appears below.

McNeal has had ongoing mental health issues.  He has been diagnosed with severe depression, anxiety disorders, bipolar disorder, paranoia, alcohol dependence, polysubstance abuse, posttraumatic stress disorder, and insomnia.  He reports that depression and alcoholism run in his family, and that he began using drugs and alcohol at an early age after being forced to leave home.  He was in the army form 1971 to 1974, but was given a dishonorable discharge for emotional problems.  AR 150.  He was hospitalized in 1981 for attempted suicide, and has sought treatment and medication periodically to address his mental health problems but has difficulty following through with treatment.  He has not been able to stay clean and sober for long periods of time.  McNeal has been placed on a number of prescription drugs including Remeron, Trazodone, Piroxicam, Ranitidine, Lithium, Celexa, Paxil, Prozac, Wellbutrin, Seniquan, Zyprexa, Seroquel, Vicodin and Flexeril.  McNeal reports that the anti-depressants give him little relief.  He has reported back pain, shoulder pain, pain in his sides and hips, a head injury, hearing loss, bronchitis, and arthritis at various times.  McNeal was also diagnosed with

possible sleep apnea and gastroesophageal reflux disease (GERD).

## DISABILITY ANALYSIS

The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920. Below is a summary of the five steps, which also are described in Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999):

Step One. The ALJ determines whether claimant is engaged in substantial gainful activity. If so, claimant is not disabled. If claimant is not engaged in substantial gainful activity, the ALJ proceeds to evaluate claimant's case under step two. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Step Two. The ALJ determines whether claimant has one or more severe impairments significantly limiting him from performing basic work activities. If not, the claimant is not disabled. If claimant has a severe impairment, the Commissioner proceeds to evaluate claimant's case under step three. 20 C.F.R. §§ 404.1520(c), 416.920(c).

Step Three. The ALJ next determines whether claimant's impairment "meets or equals" one of the impairments listed in the Social Security Administration ("SSA") regulations found at 20 C.F.R. Part 404, Subpart P, Appendix 1. If so, claimant is disabled. If claimant's impairment does not meet or equal one listed in the regulations, the ALJ's evaluation of claimant's case proceeds under step four. 20 C.F.R. §§ 404.1520(d), 416.920(d).

Step Four. The ALJ determines whether claimant has sufficient residual functional capacity ("RFC") despite the impairment or various impairments to perform work he or she has done in the past. If so, claimant is not disabled. If claimant demonstrates he or she cannot do

Page 5 - FINDINGS AND RECOMMENDATION

work performed in the past, the ALJ's evaluation of claimant's case proceeds under step five. 20 C.F.R. §§ 404.1520(e), 416.920(e).

Step Five. The ALJ determines whether claimant is able to do any other work. If not, claimant is disabled. If the ALJ finds claimant is able to do other work, the ALJ must show a significant number of jobs exist in the national economy that claimant can do. The ALJ may satisfy this burden through the testimony of a vocational expert ("VE") or by reference to the Medical-Vocational Guidelines found at 20 C.F.R. Part 404, Subpart P, Appendix 2. If the ALJ demonstrates a significant number of jobs exist in the national economy that claimant can do, claimant is not disabled. If the ALJ does not meet this burden, claimant is disabled. 20 C.F.R. §§ 404.1520(f)(1), 416.920(f)(1).

At steps one through four, the burden of proof is on the claimant. Tackett, 180 F.3d at 1098. At step five, the burden shifts to the ALJ to show that the claimant can perform jobs that exist in significant numbers in the national economy. Id.

If a claimant is disabled and drug and alcohol use is "material" to his disability, then the claimant is disqualified from receiving benefits. Public Law No. 104-121; 42 U.S.C. § 1382c(a)(3)(J).

## THE ALJ'S FINDINGS

At step one, the ALJ found that McNeal had not engaged in substantial gainful activity at any time relevant to this decision. AR 13. This finding is not in dispute. At step two, the ALJ found that McNeal had the following severe impairments: a depressive disorder versus a substance-induced mood disorder, alcohol dependence, polysubstance abuse, an anxiety disorder, and a personality disorder. AR 13. This finding is in dispute. At step three, the ALJ

Page 6 - FINDINGS AND RECOMMENDATION

found that McNeal's impairments meet the criteria of section 12.04 for affective disorders, and section 12.09 for anxiety disorders, of the listed impairments of 20 C.F.R. Subpart P, Appendix 1. AR 20. However, because the ALJ found that McNeal's substance abuse is a contributing factor material to the finding of disability at step 3, and that without substance abuse McNeal's impairments would not meet a listing, this finding is in dispute. AR 17.

In determining residual functional capacity, the ALJ found that McNeal has the residual functional capacity to perform some medium work which involves lifting no more than 50 pounds at a time, with frequent lifting of objects weighing up to 25 pounds. AR 18. He also has the capacity for sedentary or light work, and can perform routine, unskilled work with little public contact, best performed alone and not as part of a team. AR 18. This finding is in dispute.

At step four, the ALJ found that McNeal's work history shows that his past jobs were temporary and did not rise to the level of past relevant work. AR 19. This finding is not in dispute. At step five, the ALJ relied on hypotheticals to the vocational expert to find that McNeal was able to perform the jobs in the national economy of assembly line worker, laundry worker, hand packager, and light assembly and thus was not disabled. AR 20. This finding is in dispute.

## DISCUSSION

McNeal contends that the ALJ erred by: (1) rejecting McNeal's complaints regarding back and knee pain; and (2) finding drug and alcohol abuse material to McNeal's disability.

### Back and Knee Pain

McNeal contends that the ALJ wrongly rejected his testimony as to his symptoms. The

Commissioner argues that the ALJ appropriately evaluated McNeal's credibility and stated clear and convincing reasons supported by substantial evidence for his conclusions.

If there is medical evidence of an underlying impairment, the ALJ may not discredit a claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence. See Bunnell v. Sullivan, 947 F.2d 341, 347-48 (9th Cir. 1991) (en banc). "Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be 'clear and convincing.'" Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995) (citation omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Id. In weighing a claimant's credibility, the ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) (citations omitted).

McNeal argues that the record shows objective evidence of impairments in his back and knees that could, to some degree, cause the symptoms alleged. He further argues that because there is no evidence of malingering, the ALJ must present clear and convincing reasons for rejecting McNeal's symptom testimony. The Commissioner argues that the ALJ found McNeal not entirely credible and therefore found his subjective pain testimony was not credible. The ALJ noted that McNeal's reports of his medical history are inconsistent and that interviewers did not consider him to be a valid historian based on his conflicting reports, demonstrated dishonesty and lack of candor. AR 18. These findings are supported by the record. The ALJ also found McNeal's back and knee pain complaints non-severe based on x-rays in February 2002 that

Page 8 - FINDINGS AND RECOMMENDATION

showed only minimal arthritis of the knee and mild disc degeneration at L4-5. AR 283. Medical opinion in the record also found that McNeal had no severe physical impairment. AR 15 (clinical examinations have not shown degenerative joint disease or evidence of rheumatoid arthritis); AR 18, 323 (insufficient evidence in the DDS reviewer's file to evaluate allegation of "back problem" and McNeal failed to present for a consultative examination). Because the ALJ identified evidence in the record that supported his conclusion, i.e. lack of findings on clinical examination, and because the ALJ identified evidence that undermines McNeal's credibility and his subjective symptom testimony, this court does not find error in the ALJ's analysis of McNeal's back and knee pain.

Drug Addiction and Alchoholism (DAA)

At step 3, the ALJ found that McNeal had marked limitations in two areas of functioning, and that his impairments met listings for affective disorders (depressive syndrome) under § 12.04[3], and substance addiction disorder under § 12.09, and that he, therefore, was disabled. Under the § 12.04(b) criteria, the medical expert, Robert Davis, M.D., testified that McNeal had moderate limitations in activities of daily living (ADLs), marked difficulty with social functioning, concentration, persistence or pace, and one or two episodes of decompensation. AR 16. Having two marked limitations mandates a finding of disability under § 12.04(b) criteria. However, after considering evidence of McNeal's substance abuse, the ALJ found that alcohol abuse was material to McNeal's disability, thus disqualifying him from receiving disability

---

[3]Robert Davis, M.D., testified that McNeal's depressive syndrome included: anhedonia or pervasive loss of interest in almost all activities; sleep disturbance; psychomotor agitation or retardation; decreased energy; difficulty concentrating or thinking; thoughts of suicide; and paranoid thinking. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04(a). AR 596. To satisfy the § 12.04(a) criteria, a claimant must have a depressive syndrome that includes at least four of the foregoing symptoms; McNeal had seven.

Page 9 - FINDINGS AND RECOMMENDATION

benefits. Dr. Davis testified that without substance abuse, McNeal would experience mild to moderate restriction in social functioning, rather than marked restriction, and that his pace difficulty would be moderate rather than marked. AR 599. McNeal argues that the ALJ erred in finding his substance abuse was a material factor in causing his disability.

If a claimant is found disabled and there is medical evidence of a substance abuse disorder, the ALJ must perform the sequential evaluation a second time to determine whether drug addiction or alcoholism "is a contributing factor material to the determination of disability." 20 C.F.R. § 416.935(a). Drug addiction or alcoholism is a material factor when the claimant's remaining limitations would not be disabling if the claimant stopped using drugs or alcohol. 20 C.F.R. § 416.935(b)(1). The ALJ reviews the medical evidence and, if necessary, consults with a medical expert in determining what limitations, if any, would remain if the claimant stopped using drugs or alcohol. 20 C.F.R. § 416.927(f)(2)(iii). A claimant is not considered disabled if drug addiction or alcoholism is a contributing factor material to the determination of disability. 42 U.S.C. § 1382c(a)(3)(J)[4]; Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001). If the ALJ determines that the claimant's remaining limitations after cessation of drug and alcohol are disabling, then the ALJ finds the claimant is disabled, independent of his drug addiction or alcoholism. 20 C.F.R. §§ 404.1535(b)(2)(ii); 416.935(b)(2)(ii).

Although the Ninth Circuit has asserted that a claimant bears the burden of showing that drug addiction or alcoholism is not a contributing factor material to the disability determination, Ball v. Massanari, 254 F.3d 817, 821 (9th Cir. 2001), the SSA has issued policy instructions

---

[4]This section of the U.S. Code contains substantially the same provision as Public Law No. 104-121 cited by McNeal and the ALJ.

Page 10 - FINDINGS AND RECOMMENDATION

which provide that an ALJ make a finding of "not material" in the following situations.[5] If the evidence is insufficient to establish what impairments would remain if the individual stopped using drugs or alcohol, the ALJ must find that DAA is not a contributing factor material to the determination of disability. DAA Emergency Teletype at question 27. In cases where limitations resulting from substance abuse cannot be disentangled from those resulting from other mental impairments, the correct finding is "not material". Id. at question 29. See, generally, Clark v. Apfel, 98 F. Supp. 2d 1182 (D. Or. 2000) (concluding that the ALJ erred in not applying the DAA Emergency Teletype).

As an initial matter, the court notes that no treating or examining physician opined that substance addiction was a material factor contributing to McNeal's mental impairments such that these impairments would cease to exist if McNeal were clean and sober. Compare Ball, 254 F.3d at 821-22 (describing a doctor's conclusion that claimant's inability to work was attributable exclusively to his alcoholism). Thus this court can not find substantial evidence in the record to support the ALJ's conclusion that McNeal's depression and anxiety would cease to be disabling in the absence of substance abuse. To make his finding as to the materiality of substance abuse, the ALJ relied on (1) a work experience McNeal had at a VA treatment center where he was living in July 2003; (2) a May 2003 chart note from a mental health counselor to a vocational counselor at the VA treatment center; and (3) testimony from medical expert Robert Davis, M.D., who reviewed McNeal's medical history and testified at the hearing. AR 15-18. Each of these findings will be examined in turn.

The work experience of July 2003 took place while McNeal was a patient at a vocational

---

[5]See Drug Addiction and Alcoholism (DAA) Emergency Teletype of August 30, 1996, available at http://www.ssas.com/daa-q&a.htm) (DAA Emergency Teletype).

Page 11 - FINDINGS AND RECOMMENDATION

rehabilitation center for veterans. AR 371. The ALJ writes, "The claimant worked briefly on a full-time basis as a housekeeper in the Veteran's work-therapy program (exhibit 13F:215).[6] These reports show that the claimant is able to work when he abstains from alcohol and drug abuse." AR 15. First, the records from the VA center indicate that McNeal worked on a part-time not a full-time basis, e.g. 40 hours from July 6, 2003 to July 19, 2003, a two-week pay period. AR 371. Second, it is clear that he was not asked to work within specific hours as the "timeframe" listed on the reports cited by the ALJ indicated "0600-1430" which means that McNeal's schedule was flexible. Also, because this position was classified as "work therapy" and involved only housekeeping duties at his place of residence, the rigors and constraints of regular employment which generally include an eight to nine hour workday, travel to and from work, a set schedule, supervisors and co-workers were not present in this position. In fact, McNeal's "work therapy" was more akin to performing domestic tasks at home and cases in this circuit have held that a claimant's limited personal and household activities are not indicative of an ability to sustain regular work. See Fair v. Bown, 885 F.2d 597, 603 (9th Cir. 1989) (explaining that many home activities are not easily transferable to the workplace where it might be impossible to rest periodically or take medication). Because the ALJ's conclusion as to McNeal's ability to work based on the July 2003 work therapy experience is not supported by substantial evidence, this court recommends it be given no weight.

The May 2003 chart note had to do with a communication from a counselor at Cascadia Behavioral Health to a vocational counselor at the VA center where McNeal was residing. AR 408. The ALJ writes, "In May 2003 the claimant's Cascadia counselor reported that the

---

[6]The exhibit listed by the ALJ in the hearing transcript corresponds to AR 371.

Page 12 - FINDINGS AND RECOMMENDATION

claimant was generally compliant with treatment; he had a slip a few months before but was able to remain clean and sober and was doing okay (exhibit 13F:178).[7] That shows when the claimant abstains from alcohol and drugs, his functioning is substantially improved." AR 17. The court is not convinced of the logic behind the ALJ's conclusion. First, the record indicates that McNeal was rarely able to remain clean and sober for more than a few months at a time, as confirmed by the Cascadia counselor who mentions that McNeal was non-compliant within the previous few months. McNeal's inability to remain drug and alcohol free makes it difficult to evaluate whether his mental impairments would improve during his short periods of sobriety. Also, the fact that McNeal was gauged as "doing okay" does not equate with a finding that his functioning improves when he does not take drugs and alcohol. In the next sentence of his opinion, the ALJ writes, "The claimant's counselors reported the claimant's thinking was erroneous when he stressed his desire to get a job, when he could not maintain past work because of his drinking (exhibit 14F:260).[8]" However, this chart note is dated January 30, 2003, and is not contemporaneous in time to the previous one, making it useless in determining McNeal's condition in May 2003. Because the ALJ failed to provide reasons for his conclusion that McNeal's functioning improves when he abstains from drugs and alcohol, this court recommends that this conclusion be given no weight.

    Finally, the ALJ relied on testimony from Dr. Davis, the medical expert present at the hearing who participated in questioning McNeal, to support his conclusion that McNeal's impairments would cease to be disabling if he did not use drugs or alcohol. AR 16-17.

---

    [7]The exhibit listed by the ALJ in the hearing transcript corresponds to AR 408.

    [8]The exhibit listed by the ALJ in the hearing transcript corresponds to AR 447.

Page 13 - FINDINGS AND RECOMMENDATION

However, Dr. Davis' responses to the ALJ's questions did not support the ALJ's final conclusion as to McNeal's impairments.  The ALJ writes, "When asked about the claimant's functioning without consideration of alcohol or drug abuse, Dr. Davis opined that the claimant would have only mild limitations in daily living activities, moderate difficulty with social functioning, concentration, persistence, or pace, and one or two episodes of decompensation.  Those limitations would not meet or equal the criteria of any listing, consistent with the reports that the claimant does much better when he remains clean and sober."  AR 17.  McNeal's examination by Dr. Davis was intended to reveal whether McNeal's depression and anxiety disorders which met a listing were "present when he is not using."  AR 597.  However, Dr. Davis' conclusions are inadequately supported, both by the record in this case and by Dr. Davis' own testimony.  The "reports" the ALJ mentions are not probative as discussed above.

First, Dr. Davis admitted that he was not sure the questions he asked McNeal revealed any information very clearly as to McNeal's mental health when he is not using drugs or alcohol. AR 597.  Second and notably, Dr. Davis admitted that McNeal "retains a good deal of his depressive symptomatology even when not using."  Id.  Finally, Dr. Davis admitted that he was not able to separate certain aspect of McNeal's impaired social functioning from his alcohol use: "The thing that isn't really clear is the degree to which his pace experiences interference when he's not drinking."  AR 599.  As noted above, SSA directives dictate that where limitations resulting from substance abuse cannot be disentangled from those resulting from other mental impairments, an ALJ should not find that substance abuse is a material factor.  See also Clark v. Apfel, 98 F. Supp. 2d at 1185.

Overall, Dr. Davis' testimony is vague and he fails to support his opinion with evidence from the record that McNeal's condition might improve in the absence of substance abuse.  "The

Page 14 - FINDINGS AND RECOMMENDATION

opinions of non-treating or non-examining physicians may . . . serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (citation omitted). The record, which Dr. Davis examined, does not show an absence of McNeal's depression and anxiety symptoms during his brief periods of sobriety, and Dr. Davis' examination of McNeal at the hearing was equally inconclusive. In fact, McNeal testified at the hearing that he remained frustrated and anxious a lot during his longest period of sobriety, about one year, and that he did not have regular employment during that period. AR 594-95. The record does show that every mental health professional who examined McNeal found significant mental problems and none suggested that these problems would be eliminated if McNeal abstained from drug and alcohol use. While Dr. Davis' decision to reduce one of the § 12.04(b) criteria from a finding of "marked" to "moderate" was discussed in the record, AR 599, overall he does not provide any substantial evidence for his final conclusion that two of the § 12.04(b) criteria should be reduced when considered in conjunction with McNeal's substance abuse. An ALJ errs in relying on the opinions of a medical expert that are "questionable and fail to take into account the evidence as a whole." Bowman v. Comissioner, Social Security Administration, No. 99-1311-JO, 2001 WL 215790, at *6 (D. Or. Feb. 23, 2001). Because the ALJ relied on the medical expert's testimony and that testimony does not represent substantial evidence that without substance abuse McNeal's various mental conditions would not be disabling, this court recommends reversing the ALJ's decision.

///

Remand

This court recommends that the ALJ's decision be reversed and remanded for the

Page 15 - FINDINGS AND RECOMMENDATION

calculation and award of benefits. The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. <u>Harman v. Apfel</u>, 211 F.3d 1172, 1178 (9th Cir.), <u>cert. denied</u>, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is not sufficient to support the Commissioner's decision. <u>Rodriguez v. Bowen</u>, 876 F.2d 759, 763 (9th Cir. 1989) (citation omitted). Because the evidence as a whole overwhelmingly supports McNeal's claim that he suffers from severe mental impairments, and because the evidence does not support a finding that drug and alcohol use is a contributing factor to the finding of disability, this court finds no use for further development of the record. Remand for further proceedings is inappropriate where substantial evidence in the record establishes that plaintiff is disabled. <u>Clark v. Apfel</u>, 98 F. Supp. 2d at 1186 (finding claimant entitled to benefits where new proceedings would be unlikely to add to existing findings on drug and alcohol abuse) (citation omitted).

///
///
///
///
///
///

## CONCLUSION

For the foregoing reasons, this court recommends reversing and remanding the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g) for the calculation and

Page 16 - FINDINGS AND RECOMMENDATION

award of benefits.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due August 10, 2006. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

Dated this 27th day of July, 2006.

   /s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge